FILED
SUPERIOR COURT
OF GUAM

2019 JAN -2 AM 11: 31

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0082-18 |
| vs. | **DECISION AND ORDER** |
| MASA TOSIMA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 4, 2018, for hearing on Defendant Masa Tosima's ("Defendant") Motion to Dismiss For Lack of Probable Cause or Inappropriate Prosecution ("Motion to Dismiss"). Defendant was present with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On February 13, 2018, Defendant was charged with Family Violence (As a Misdemeanor) and Child Abuse (As a Misdemeanor). (Magistrate's Compl., Feb. 13, 2018). These charges stem from allegations that Defendant hit her daughter's wrist with a plastic bat. (Decl. of Nicole G. Cruz, Magistrate's Compl., Feb. 13, 2018). On May 15, 2018, Defendant filed the instant Motion to Dismiss. On June 20, 2018, the Government filed its Opposition.

*People v. Tosima*
CM0082-18
Decision and Order

After several continuances to allow for Defendant to reply to the Motion, the matter was taken under advisement on the briefs on October 4, 2018. No Reply was filed.

## DISCUSSION

Defendant moves to dismiss this matter because the charges in the Magistrate's Complaint lacked probable cause, and the case is *de minimis* under 9 G.C.A. § 7.67 and constitutes inappropriate prosecution. *See generally*, Mot. Dismiss, May 15, 2018.

**Probable Cause in the Magistrate's Complaint and Attached Declaration**

Defendant first moves to dismiss this matter by challenging the Magistrate Judge's finding of probable cause in the Declaration attached to the Magistrate's Complaint. The Government, in opposition, argues that the Magistrate Judge appropriately found probable cause based on the facts set forth in the Declaration.

Under Guam law, "[a]ny felony . . . shall be prosecuted by indictment. . . . Any other offense shall be prosecuted by complaint." 8 G.C.A. § 1.15. "The Complaint is a written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney and filed with a judge of the Superior Court. In any case required by §1.15 to be prosecuted by Complaint, the Complaint shall be subject to the same rules of pleading as an indictment []or information." 8 G.C.A. § 15.10. As Defendant is charged with two misdemeanor offenses in this matter, the offenses must be prosecuted by complaint, and the Magistrate's Complaint filed February 13, 2018 is subject to the same rules of pleading as an indictment. An indictment is sufficient "where it contains the elements of the crimes alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *People v. Jones*, 2006 Guam 13 ¶ 12 (citations and quotation marks omitted).

The First Charge of the Magistrate's Complaint reads as follows:

## FIRST CHARGE

On or about the 5th day of February 2018, in Guam, MASA TOSIMA, did commit the offense of Family Violence, in that she did recklessly cause or attempt to cause bodily injury to another family member or household member, that is, *S.P. (DOB: 10/09/2010)*, in violation of 9 G.C.A. §§ 30.10(a)(1), (b) and 30.20(a).

(Magistrate's Compl., Feb. 13, 2018). Defendant argues that this charge must be dismissed because there "is no probable cause that [she] intentionally, knowingly, or recklessly caused or attempted to cause bodily injury to her daughter," and that she "was using necessary force upon the minor for the purpose of safeguarding or promoting her welfare, including prevention and punishment of her misconduct." (Mot. Dismiss at 3) (internal quotation marks and alterations omitted). The Government opposes, arguing that the Declaration sufficiently provides enough facts to support a finding of probable cause for the charge. (Opp'n at 4-5).

The Declaration alleges that Defendant hit her daughter, a family member, with a plastic bat, which caused a two-inch bruise to result on her wrist. (Decl. of Nicole G. Cruz, Magistrate's Compl., Feb. 13, 2018). "Bodily injury" means physical pain, illness, unconsciousness or any impairment of physical condition, and is established by the fact that a two-inch bruise resulted from the incident. *See* 9 G.C.A. § 16.10(b). The Court finds that the Declaration attached to the Magistrate's Complaint clearly sets forth facts that establish probable cause that the offense of Family Violence may have been committed.

Defendant is also charged with Child Abuse (As a Misdemeanor). The Second Charge of the Magistrate's Complaint reads as follows:

## SECOND CHARGE

On or about the 5th day of February 2018, in Guam, MASA TOSIMA, did commit the offense of Child Abuse, in that she intentionally and knowingly subjected a child, namely *S.P. (DOB: 10/09/2010)*, to cruel mistreatment and while having a child, namely *S.P. (DOB: 10/09/2010)* in her care and custody, she unreasonably caused or permitted the physical, mental or emotional health of said child to be endangered, in violation of 9 G.C.A. § 31.30(a)(1) and (2)(C), as amended.

(Magistrate's Compl., Feb. 13, 2018). Defendant argues that this charge must be dismissed because this was a "one-time incident where [she] exerted physical control over her daughter" and "does not amount to cruel mistreatment." (Mot. Dismiss at 4). According to Defendant, her daughter "moved her hand" which resulted in the bruising. *Id.* In opposition, the Government acknowledges the value of disciplining children but that "given the facts provided, primarily the showing of about three-inch bruising on the child's arm does not amount to

necessary force. Such bruising indicates a use of excessive force that is unreasonable conduct even for disciplining a child." (Opp'n at 6-7). Additionally, the Government argues that Defendant's daughter "complained [of] pain to her wrist where the bruising was" and "expressed her fear to go home because her mother had hit her." *Id.*

Under Guam law:

[A] parent, guardian or other person responsible for the care and supervision of a minor less than eighteen years of age, or a person acting at the direction of such person, may use necessary force upon the minor for the purpose of safeguarding or promoting his welfare, including prevention and punishment of his misconduct. The force used for this purpose must not be intended to cause or known to create a substantial risk of causing extreme pain or gross degradation

9 G.C.A. § 7.94(a). The Court also acknowledges the importance of disciplining a child, however, the Court finds that discipline resulting in pain and bruising sets forth facts establishing probable cause that the offense of Child Abuse may have been committed.

**De Minimis**

Defendant next argues that the matter should be dismissed because it is *de minimis* under 9 G.C.A. § 7.67 and is therefore inappropriate prosecution. Section 7.67, Appropriateness of Prosecution, provides:

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67.

Defendant argues that "[a] parent should not be criminally prosecuted for disciplining her child" and that the alleged victim, "would have fallen down in the home or hurt one of her siblings if she had not been stopped." (Mot. Dismiss at 6). Thus, her actions were within a "customary license or tolerance" to discipline a misbehaving child. Defendant further argues that the staff at the alleged victim's school "have never seen injuries on [her] or [Defendant's] other children. They have never seen evidence of excessive or inappropriate discipline" and "have never had concerns about [Defendant] or her parenting." *Id.*

The Government acknowledges that this may be the first incident that Defendant has used "excessive force that is chargeable under the law" but that it "is not an excuse to ignore[] the fact that such incident occur[ed]." (Opp'n at 9). The Government further argues that "[o]ne of the most significant goals in the family violence court is deterrence" which has led to "programs in place that even the [L]egislature has supported." *Id.* The Court is inclined to agree with the Government and does not find that Defendant's actions should be considered *de minimis*.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss.


**IT IS SO ORDERED** this 2nd day of January, 2019.


HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

AG's, PDSC

Date 1-2-19  Time 12pm

Deputy Clerk, Superior Court of Guam